**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **WESTINGHOUSE ELECTRIC COMPANY** | : | **Case No. 17-10751 (MEW)** |
| **LLC,** *et al.*, | : | |
| | : | |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------- x

**ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 328, FED. R. BANKR. P. 2014(A) AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR AUTHORITY TO EMPLOY AND RETAIN DELOITTE FINANCIAL ADVISORY SERVICES LLP AS FINANCIAL ADVISORY SERVICES PROVIDER *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "**Application**"),[2] dated August 11, 2017 of Westinghouse Electric Company LLC and certain debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Westinghouse Electric Company LLC (0933), CE Nuclear Power International, Inc. (8833), Fauske and Associates LLC (8538), Field Services, LLC (2550), Nuclear Technology Solutions LLC (1921), PaR Nuclear Holding Co., Inc. (7944), PaR Nuclear, Inc. (6586), PCI Energy Services LLC (9100), Shaw Global Services, LLC (0436), Shaw Nuclear Services, Inc. (6250), Stone & Webster Asia Inc. (1348), Stone & Webster Construction Inc. (1673), Stone & Webster International Inc. (1586), Stone & Webster Services LLC (5448), Toshiba Nuclear Energy Holdings (UK) Limited (N/A), TSB Nuclear Energy Services Inc. (2348), WEC Carolina Energy Solutions, Inc. (8735), WEC Carolina Energy Solutions, LLC (2002), WEC Engineering Services Inc. (6759), WEC Equipment & Machining Solutions, LLC (3135), WEC Specialty LLC (N/A), WEC Welding and Machining, LLC (8771), WECTEC Contractors Inc. (4168), WECTEC Global Project Services Inc. (8572), WECTEC LLC (6222), WECTEC Staffing Services LLC (4135), Westinghouse Energy Systems LLC (0328), Westinghouse Industry Products International Company LLC (3909), Westinghouse International Technology LLC (N/A), and Westinghouse Technology Licensing Company LLC (5961). The Debtors' principal offices are located at 1000 Westinghouse Drive, Cranberry Township, Pennsylvania 16066.

[2] Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Application.

for the Southern District of New York (the "**Local Rules**") for authority to employ and retain

Deloitte Financial Advisory Services LLP ("**Deloitte FAS**") to provide certain necessary financial

advisory services to the Debtors in accordance with the terms and conditions of that certain

engagement letter dated as of March 11, 2016, including any amendments and schedules thereto

(the "**Engagement Letter**"), *nunc pro tunc* to March 29, 2017 (the "**Petition Date**"), as more fully

set forth in the Application and the Declaration of Steven F. Stanton (the "**Stanton Declaration**");

and the Court being satisfied, based on the representations made in the Application and in the

Stanton Declaration, that Deloitte FAS is a "disinterested person" as such term is defined in section

101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as

required by section 327(a) of the Bankruptcy Code and referenced by section 328 of the

Bankruptcy Code, neither represents nor holds an interest adverse to the Debtors or their estates;

and the Court having jurisdiction to consider the Application and the relief requested therein in

accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of

Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the

Application having been given as provided in the Application, and such notice having been

adequate and appropriate under the circumstances; and it appearing that no other or further notice

of the Application need be provided; and the Court having found and determined that the relief

sought in the Application and granted herein is in the best interests of the Debtors, their respective

estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted to the extent set forth herein.

2.      The Debtors are authorized, but not directed, pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, to retain and employ Deloitte FAS to provide certain necessary financial advisory services to the Debtors on an hourly basis, in accordance with the terms and conditions of the Engagement Letter, including without limitation, the compensation terms set forth therein, *nunc pro tunc* to the Petition Date, and to pay fees and reimburse expenses to Deloitte FAS on the terms set forth in the Engagement Letter, subject to the further limits set forth in the Application and in this Order.  For the avoidance of doubt, this Order approves the terms on which post-petition services are being provided but it does not authorize an assumption of any executory contracts. Deloitte FAS shall not seek recovery of any unpaid professional fees owed to Deloitte FAS that accrued prior to the Petition Date.

3.      Except as set forth herein, the terms of the Engagement Letter are reasonable terms and conditions of employment and are approved.

4.      Deloitte FAS shall file interim and final fee applications for allowance of compensation for services rendered and reimbursement of expenses incurred (including, without limitation, the reasonable fees, and other charges of Deloitte FAS's counsel, which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise) in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable law and any applicable orders of this Court.

5.      All applications for allowance of compensation and reimbursement of expenses by Deloitte FAS shall be subject to the reasonableness standard of review set forth in section 330 of the Bankruptcy Code.

6.       Deloitte FAS shall include in its fee applications, among other things, time records setting forth, in summary format, a description of the services rendered by each professional, and the time expended on each date by each such individual in rendering services on behalf of the Debtors in one-tenth hour increments.

7.       Prior to increasing any rates set forth in the Engagement Letter or the Application, Deloitte FAS shall file a supplemental declaration with the Court and give ten (10) business days' notice to the Debtors, and the U.S. Trustee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the Debtors have received notice of and approved the proposed rate increase.

8.       The indemnification provisions and other terms of the Engagement Letter, including the General Business Terms Appendix to the Engagement Letter, are approved subject to the following modifications with respect to the services performed thereunder after the Petition Date and prior to the effective date of any plan of reorganization of the Debtors:

a.       All requests for payment of indemnity, contribution, or otherwise pursuant to the Indemnification Provisions shall be made by means of a final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Indemnification Provisions, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and other orders of this Court and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall an indemnified party be indemnified or receive contribution to the extent that any claim arose or expense has resulted for any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the breach of contract, gross negligence, willful misconduct, or fraud of any indemnified parties;

b.       In no event shall any indemnified parties be indemnified or receive contribution or other payment under the Indemnification Provisions if the Debtors or a representative of the Debtors' estates asserts a claim for, and a court determines by a final order that such claims

primarily arose out of, such person's breach of contract, gross negligence, willful misconduct, or fraud of any Indemnified Parties;

c.     In the event an indemnified party seeks reimbursement of attorneys' fees from the Debtors pursuant to the indemnification provisions, the invoices and supporting time records from such attorneys shall be attached to Deloitte FAS's own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee guidelines and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

d.     Any provision of the Engagement Letter or General Business Terms that purports to limit the amount of liability of Deloitte FAS, or that purports to limit the types of damages that may be awarded in an action against Deloitte FAS shall be of no effect and shall be deemed to have been deleted.

e.     Any provision of the Engagement Letter or General Business Terms relating to expense policies and reimbursements shall be subject to the applicable Guidelines set forth in the Local Rules and General Orders of this Court.

9.     The Engagement Letter is modified as follows with respect to services performed thereunder for the Debtors after the Petition Date and through the effective date of any plan of reorganization:

a.     Paragraph 8 of the General Business Terms shall be deemed deleted and replaced with the following:

Nothing contained in the Engagement Letter shall alter in any way the duties imposed by law on Advisor in respect of the Services provided hereunder.  It is understood and agreed that, with respect to the relationship between Advisor, on the one hand, and Company, on the other hand, each party hereto is an independent contractor and neither party is nor shall be considered to be, nor shall purport to act as, the other's agent, distributor, partner, joint venturer, or representative.

b.     If Deloitte FAS must respond to subpoenas or other legal process seeking documents or information it shall do so at its own expense. Any provision of the Engagement Letter that authorizes Deloitte

FAS to seek payment for its professional time and expenses in connection with such requests, including out-of-pocket attorney fees, is not approved and shall not apply.

10.     To the extent there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, this Order shall govern.

11.     Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

12.     Nothing contained in this Order, nor any payment made pursuant to this Order, shall be dispositive with respect to any future allocation of responsibility between and among Debtors and non-Debtors for such payment, and all rights with respect thereto are expressly reserved by the UCC.

13.     The Debtors are authorized to take all action necessary to carry out this Order.

14.     Notwithstanding anything in the Application or the Engagement Letter to the contrary, during the pendency of the chapter 11 cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to Deloitte FAS's engagement.  Any provision of the Engagement Letter that provides for mediation or arbitration or for jurisdiction in a different court shall not be applicable unless this Court lacks jurisdiction pursuant to the previous sentence.

Dated: September 5, 2017
      New York, New York

                                    **s/Michael E. Wiles**
                                    HONORABLE MICHAEL E. WILES
                                    UNITED STATES BANKRUPTCY JUDGE