**K&L GATES LLP**
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
David A. Mawhinney

*Special Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :    Chapter 11
                                                             :
**WESTINGHOUSE ELECTRIC COMPANY**                            :    Case No. 17-10751 (MEW)
**LLC**, *et al.*,                                           :
                                                             :
                                                             :
        Debtors.[1]                                          :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**COVERSHEET FOR FIRST INTERIM FEE APPLICATION OF K&L GATES LLP,
AS SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE AND
PAYMENT OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM MARCH 29, 2017 THROUGH JULY 31, 2017**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Westinghouse Electric Company LLC (0933), CE Nuclear Power International, Inc. (8833), Fauske and Associates LLC (8538), Field Services, LLC (2550), Nuclear Technology Solutions LLC (1921), PaR Nuclear Holding Co., Inc. (7944), PaR Nuclear, Inc. (6586), PCI Energy Services LLC (9100), Shaw Global Services, LLC (0436), Shaw Nuclear Services, Inc. (6250), Stone & Webster Asia Inc. (1348), Stone & Webster Construction Inc. (1673), Stone & Webster International Inc. (1586), Stone & Webster Services LLC (5448), Toshiba Nuclear Energy Holdings (UK) Limited (N/A), TSB Nuclear Energy Services Inc. (2348), WEC Carolina Energy Solutions, Inc. (8735), WEC Carolina Energy Solutions, LLC (2002), WEC Engineering Services Inc. (6759), WEC Equipment & Machining Solutions, LLC (3135), WEC Specialty LLC (N/A), WEC Welding and Machining, LLC (8771), WECTEC Contractors Inc. (4168), WECTEC Global Project Services Inc. (8572), WECTEC LLC (6222), WECTEC Staffing Services LLC (4135), Westinghouse Energy Systems LLC (0328), Westinghouse Industry Products International Company LLC (3909), Westinghouse International Technology LLC (N/A), and Westinghouse Technology Licensing Company LLC (5961). The Debtors' principal offices are located at 1000 Westinghouse Drive, Cranberry Township, Pennsylvania 16066.

i

| | |
|---|---|
| **Name of Applicant:** | K&L Gates LLP |
| **Authorized to Provide Professional Services as:** | Special Counsel to the Debtors |
| **Name of Client:** | Westinghouse Electric Company LLC, et al. |
| **Time Period Covered by this application:** | March 29, 2017 through July 31, 2017 |
| **Total Compensation Requested:** | $1,911,964.44 |
| **Total Expenses Requested:** | $63,193.13 |
| **Petition Date:** | March 29, 2017 |
| **Retention Date:** | March 29, 2017 |
| **Date of Order approving employment:** | June 20, 2017 |
| **Blended rate in this application for all Partners, Of Counsel, and Associates:** | $515.99 |
| **Blended rate in this application for all timekeepers:** | $510.16 |
| **Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed:** | $1,296,608.36 |
| **Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed:** | $50,336.81 |
| **Number of professionals included in this application:** | 64 |
| **Number of professionals included in this application not included in a staffing plan approved by the client:** | 6 |
| **Difference between fees budgeted and compensation sought for this period:** | $334,583.45 (under budget) |
| **Number of professionals billing fewer than 15 hours during this period:** | 29 |

This is a(n):       __ monthly       _x_ interim       __ final application

ii

**PRIOR FEE STATEMENTS OF K&L GATES LLP**

| Period Covered and Docket No. | Total Fees Requested | Total Expenses Requested | Total Fees and Expenses Requested | Fees Paid | Expenses Paid | Total Balance Remaining to be Paid |
|---|---|---|---|---|---|---|
| 3/29/2017 - 5/31/2017<br><br>Docket No. 817 (filed 6/30/17) | $1,147,872.80 | $36,431.93 | $1,184,304.73 | $918,298.24 | $36,431.93 | $229,574.56[2] |
| 6/1/2017 - 6/30/2017<br><br>Docket No. 1025 (filed 7/28/2017) | $472,887.64 | $13,904.88 | $486,792.52 | $378,310.12 | $13,904.88 | $94,577.52[3] |
| 7/1/2017 - 7/31/2017<br><br>Docket No. 1227 (filed 8/23/2017) | $291,204.00 | $12,856.32 | $304,060.32 | $0 | $0 | $304,060.32[4] |
| **TOTAL** | $1,911,964.44 | $63,193.13 | $1,975,157.57 | $1,296,608.36 | $50,336.81 | $628,212.40 |

---

[2] This amount consists of the 20% holdback in March 29 - May 31, 2017 fees per the Interim Compensation Order.

[3] This amount consists of the 20% holdback in June 1 - June 30, 2017 fees per the Interim Compensation Order.

[4] The time for objection to KLG's monthly statement covering the time charged and expenses incurred in July 2017 has not yet expired. Assuming no objection, KLG will be entitled to receive on an interim basis $232,963.20 in fees (representing 80% of $291,204.00) and $12,856.32 in expenses (representing 100% of the expenses requested).

iii

**K&L GATES LLP**
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
David A. Mawhinney

*Special Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
| In re | : | Chapter 11 |
| | : | |
| **WESTINGHOUSE ELECTRIC COMPANY** | : | Case No. 17-10751 (MEW) |
| **LLC,** *et al.*, | : | |
| | : | |
| | : | |
| Debtors.[5] | : | (Jointly Administered) |
| | : | |
------------------------------------------------------------ x

**FIRST INTERIM FEE APPLICATION OF K&L GATES LLP,
AS SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE AND
PAYMENT OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM MARCH 29, 2017 THROUGH JULY 31, 2017**

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

---

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Westinghouse Electric Company LLC (0933), CE Nuclear Power International, Inc. (8833), Fauske and Associates LLC (8538), Field Services, LLC (2550), Nuclear Technology Solutions LLC (1921), PaR Nuclear Holding Co., Inc. (7944), PaR Nuclear, Inc. (6586), PCI Energy Services LLC (9100), Shaw Global Services, LLC (0436), Shaw Nuclear Services, Inc. (6250), Stone & Webster Asia Inc. (1348), Stone & Webster Construction Inc. (1673), Stone & Webster International Inc. (1586), Stone & Webster Services LLC (5448), Toshiba Nuclear Energy Holdings (UK) Limited (N/A), TSB Nuclear Energy Services Inc. (2348), WEC Carolina Energy Solutions, Inc. (8735), WEC Carolina Energy Solutions, LLC (2002), WEC Engineering Services Inc. (6759), WEC Equipment & Machining Solutions, LLC (3135), WEC Specialty LLC (N/A), WEC Welding and Machining, LLC (8771), WECTEC Contractors Inc. (4168), WECTEC Global Project Services Inc. (8572), WECTEC LLC (6222), WECTEC Staffing Services LLC (4135), Westinghouse Energy Systems LLC (0328), Westinghouse Industry Products International Company LLC (3909), Westinghouse International Technology LLC (N/A), and Westinghouse Technology Licensing Company LLC (5961). The Debtors' principal offices are located at 1000 Westinghouse Drive, Cranberry Township, Pennsylvania 16066.

K&L Gates LLP ("KLG"), special counsel to the Debtors and debtors-in-possession in the above-captioned chapter 11 proceedings, hereby submits this first interim application (the "Application") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** granting (a) the allowance of interim compensation in the aggregate amount of $1,911,964.44 in fees for reasonable and necessary professional services performed by KLG for the Debtors during the period commencing March 29, 2017 through and including July 31, 2017 (the "Compensation Period"), (b) reimbursement of actual and necessary expenses in the aggregate amount of $63,193.13 incurred by KLG in connection with such services during the Compensation Period, and, (c) authority to receive the outstanding fees and expense reimbursement payments in the amount of $628,212.40.  In support of the Application, KLG respectfully represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The legal and statutory basis for relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").  This Application has been prepared in accordance with General Order M-447, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (as updated June 17, 2013)* (the "Local Guidelines"), the *United States Trustee's*

1

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013* (the "U.S. Trustee Guidelines," and together with the Local Guidelines, the "Fee Guidelines"), and the Court's Interim Compensation Order (defined herein).[6]  Attached hereto as **Exhibit L** is a certification regarding compliance with the Local Guidelines.

## Background

### A. The Debtors Chapter 11 Cases

3. On March 29, 2017 (the "Petition Date"), each Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

4. The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On April 7, 2017, the United States Trustee (the "U.S. Trustee") for Region 2 appointed the Statutory Unsecured Claimholders' Committee (the "Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 160].

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Lisa J. Donahue Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York*, sworn to and filed on the Petition Date [Docket No. 4].

---

[6] Capitalized terms not defined herein shall have the meanings set forth in the Interim Compensation Order.

2

**B. Retention of K&L Gates LLP as Special Counsel**

7.  As discussed in the Retention Application (defined herein), KLG has a longstanding pre-petition relationship with the Debtors, having represented them in a variety of matters over a period of many years and across a broad range of substantive practice areas.

8.  On June 6, 2017, the Debtors filed the *Notice of Presentment of Debtors for Entry of an Order Authorizing the Debtors to Employ and Retain K&L Gates LLP as Special Counsel to the Debtors nunc pro tunc to the Petition Date* [Docket No. 666] (the "Retention Application"), seeking approval of the retention of KLG as special counsel to pursuant to the terms of that certain engagement letter dated as of June 1, 2017 (the "Engagement Letter") and an alternative fee arrangement by and between WEC LLC and KLG (the "KLG AFA"). A copy of the Engagement Letter is attached hereto as **Exhibit B**.

9.  On June 20, 2017, the Court authorized the employment and retention of KLG as special counsel to the debtors *nunc pro tunc* to the petition date [Docket No. 746] (the "Retention Order") attached hereto as **Exhibit C**. Accordingly, KLG is a Retained Professional within the meaning of the Interim Compensation Order.

10. Pursuant to the terms of its retention, KLG has assisted the Debtors with several matters that were ongoing as of the Petition Date, including an investigation initiated by the Securities and Exchange Commission, an independent investigation related to the financial accounting of Westinghouse Electric Company LLC ("WEC") financial accounting, and a compliance-related internal investigation into one of WEC's subsidiaries. KLG has also assisted WEC in responding to a third-party subpoena, which it received post-petition. In addition to these nonbankrutpcy services, KLG additionally seeks compensation for services rendered and

3

reimbursement of expenses incurred in connection with the administrative tasks of becoming retained in these Chapter 11 Cases, and completing and filing Monthly Statements and this Application (the matters described in this paragraph being collectively referred to as the "Special Matters").  A summary of the hours expended by each KLG attorney and paraprofessionals who rendered services to the Debtors during the Compensation Period, their practice group, respective hourly rates, and year of bar admission for each KLG attorney is attached at **Exhibit D**. Summary of the amount of compensation requested for the services rendered by KLG on behalf of the Debtors during the Compensation Period organized by each Special Matter is attached hereto as **Exhibit E**.  Detailed narratives of the work performed by KLG during the Compensation Period are attached hereto as **Exhibit F**.

11.    Pursuant to the KLG AFA, partners and of counsel are billed at $700/hour, associates are billed at $370/hour, paralegals and clerks are billed at $250/hour, and e-Dat attorneys are billed at $175/hour.[7]  These fee rates are blended rates by timekeeper category regardless of the timekeeper's geographic location, and represent an agreed discount over KLG's ordinary local rates.

12.    As described in the *Declaration and Disclosure Statement of Richard W. Hosking on Behalf of K&L Gates LLP Pursuant to 11 U.S.C. §§ 327(e), 328(a), 329, and 504 and Fed. R. Bankr. P. 2014(a) and 2016* attached as Exhibit B to the Retention Application, KLG is currently holding a pre-petition retainer of $870,330.  Consistent with the Engagement Letter, KLG is holding these funds in a separate trust account.  When its engagement is concluded, and subject to

---

[7] In addition to e-DAT Attorneys who, when applicable, are utilized for review and bill at a rate of $175 per hour, e-DAT Analysts and e-DAT Team Leads are billed at the clerk rate of $250 per hour, as evidenced in the summary of professional and paraprofessional compensation attached hereto as Exhibit D.

4

further order of this Court approving compensation and reimbursement of expenses, KLG shall apply the retainer to any outstanding invoices.

### C. Interim Compensation and Payments Received

13. On May 24, 2017, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 330, 331, Fed. R. Bankr. P. 2016, and Local Rule 2016-1 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 544] (the "Interim Compensation Order").

14. On June 30, 2017, KLG filed and served its Consolidated Monthly Statement for the period of March 29 through May 31, 2017 on the Notice Parties [Docket No. 817]. On July 28, 2017, KLG filed and served its Monthly Statement for the period of June 1 through June 30, 2017 on the Notice Parties [Docket No. 1025]. On August 23, 2017, KLG filed and served its Monthly Statement for the period of July 1 through July 31, 2017 on the Notice Parties [Docket No. 1227]. No timely objection to any of the Monthly Statements was submitted.

15. The Monthly Statements submitted by KLG are subject to a 20% holdback as provided for in the Interim Compensation Order. The aggregate amount of KLG's holdback during the Compensation Period is $382,372.88.

16. As of the filing of this Application, KLG has received payments totaling $1,296,608.36 in fees and $50,336.81 in expenses on account of the Monthly Statements as of the date hereof.

17. This is KLG's first application for allowance of interim compensation for services rendered and for reimbursement of expenses.

**D. Disbursements and Expenses**

18.     During the Compensation Period, KLG has incurred actual and necessary expenses in rendering legal services to the Debtors as Special Counsel in the amount of $63,193.13. An itemization of these out-of-pocket expenses is attached at **Exhibit K** and incorporated herein by reference. None of these expenses exceed the maximum rates set by the Guidelines (defined herein). These charges are intended to cover KLG's direct costs, which costs are not incorporated into the KLG hourly fees.

19.     KLG respectfully submits that the actual expenses incurred in providing legal services on each Special Matter for which reimbursement is sought in this Application were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors.

**Relief Requested**

20.     By this Application, KLG seeks (a) interim allowance of compensation for professional services as Special Counsel for the Debtors in the amount of $1,911,964.44 in fees for the period of March 29, 2017 through July 31, 2017, (b) interim allowance of reimbursement of actual and necessary disbursements incurred and recorded by KLG in the amount of $63,193.13, and (c) authority to receive the outstanding fees and expense reimbursement payments in the amount of $628,212.40.[8]

21.     As set forth in **Exhibit I**, attached hereto, KLG billed a total of $1,911,964.44 in fees during the Application Period. The fees reported in this Application reflect a blended hourly rate of $515.99 (exclusive of paraprofessional time) which KLG submits is reasonable given the nature of the issues confronted and the results achieved in the Special Matters.

---

[8] This amount represents the 20% holdback for the March 29 - May 31st Monthly Statement and the June 1 - June 30 Monthly Statement, and the entire fees and expenses set forth in the July 2017 Monthly Statement.

22. In support of this Application, and in accordance with Local Rule 2016-1, the Local Guidelines, and the U.S. Trustee Guidelines, KLG submits the following supporting documentation, all of which is incorporated herein by reference:

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| A | Proposed Order. |
| B | Engagement Letter. |
| C | Retention Order. |
| D | Schedule of hours expended by each KLG attorney and paraprofessional who rendered services to the Debtors during the Compensation Period, their practice group, respective hourly rates, and year of bar admission for each KLG attorney. |
| E | Summary of compensation requested by Special Matter category. |
| F | Detailed narrative descriptions of the services rendered on each Special Matter and a schedule setting forth the total number of hours expended by the attorneys and paraprofessionals of KLG on each Special Matter, and the aggregate fees associated with each Special Matter. |
| G | Budget and Staffing Plan for the Compensation Period |
| H | Summary of fees and hours budgeted for each Special Matter compared to fees and hours actually billed for each Special Matter. |
| I | A summary and comparison of the aggregate blended hourly rates billed by KLG's Washington D.C. and Pittsburgh timekeepers to nonbankruptcy matters during the preceding fiscal year and the blended hourly rates billed to the Debtors during the Compensation Period. |
| J | A copy of the computer generated time entries kept contemporaneously with the services rendered, organized by Special Matter, and fully itemizing the fees charged for rendering the services described in <u>Exhibit F</u>. |

7

| | | |
|---|---|---|
| | K | A detailed statement of expenses incurred by KLG from March 29, 2017 through July 31, 2017, for which KLG is seeking reimbursement. |
| | L | Certification regarding compliance with the Local Guidelines. |

23. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern a court's award of such compensation. See 11 U.S.C. § 331. Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including
>
> a. the time spent on such services;
>
> b. the fees charged for such services;
>
> c. whether the services were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of a case under this title;
>
> d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> e. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

24. As set forth in the Narratives set forth in Exhibit F, KLG submits that it has satisfied the requirements of section 330 of the Bankruptcy Code. The services for which it seeks compensation in this Application were necessary for and beneficial to the Debtors and the Debtors' estates. KLG's request for compensation is reflective of a reasonable and appropriate

8

amount of time expended in performing such services commensurate with the complexity, importance and nature of the problem, issue, or task involved. These services were performed without unnecessary duplication of effort by professionals employed by KLG. KLG's fees are also comparable with other similarly qualified legal advisors appearing in this and other chapter 11 cases.

## Budget and Staffing Plan

25. In connection with its retention in these Chapter 11 Cases, KLG prepared a budget and staffing plan for the Debtors' review covering the existing Special Matters for which KLG was engaged at the time it filed the Retention Application. A copy of the Budget and Staffing Plan approved by the client is attached hereto as **Exhibit G**. A summary comparison of the fees and hours budgeted to the fees and hours actually billed is attached hereto as **Exhibit H**. A budget and staffing plan for the next interim fee period has been provided to the Debtors.

26. In accordance with section 504 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules, no agreement or understanding exists between KLG and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

27. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by KLG.

**Statements Pursuant to Appendix B of the UST Guidelines**

28. The following statements address information required pursuant to Section C.5 of the U.S. Trustee Guidelines:

a) **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

**Answer**: Yes. As disclosed herein and in its Retention Application, KLG and the Debtors agreed to an alternative fee arrangement that is different from KLG's customary billing rates.

b) **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer**: The fees sought by this Application are not 10% higher or more than the fees budgeted for the Compensation Period. A comparison of the amount billed for the Compensation Period to the amount budgeted for the Compensation Period is attached hereto as Exhibit G.

c) **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer**: No.

d) **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application). If so, please quantify by hours and fees.

**Answer**: Yes; as described in the Exhibit F narrative for Non-Adverse Corporate Matters, KLG professionals spent 25.2 hours for a total of $7,681 in fees reviewing and revising time records to separate combined or "lumped" time entries and to redact or restate confidential information in the description of services rendered by timekeepers. Such preparation and editing was necessary to comply with applicable Guidelines and would not have been necessary outside of bankruptcy.

e) **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

10

       **Answer**: Yes; see answer to Question d above.

f)     **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

       **Answer**: This Application does not include any rate increases.

## Reservation of Rights

29.    KLG reserves all rights and claims. Without limiting the generality of the foregoing, KLG reserves its right to submit future monthly fee applications, interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the Interim Compensation Order or otherwise.

## Notice and No Prior Request

30.    No examiner has been appointed in this case. KLG shall serve the final form of this Application upon: (i) the Office of the United States Trustee for Region Two; (ii) the Debtors; (iii) counsel to the Committee; and (iv) any party that has requested notice of pleadings filed in these Chapter 11 Cases. Furthermore, at least 14 days before the deadline for filing this Application, KLG provided a copy of this Application to the Debtors, the Committee, and the U.S. Trustee as required by the Local Guidelines. KLG understands that, pursuant to Section B(ii) of the Interim Compensation Order, the Debtors shall provide notice of any hearing to consider the Application.

WHEREFORE, KLG respectfully requests that the Court enter an Order substantially in the form attached hereto as <u>Exhibit A</u>, granting (a) interim allowance of compensation for professional services rendered as Special Counsel to the Debtors in the amount of $1,911,964.44 in fees for the period of March 29, 2017 through July 31, 2017, (b) interim allowance of reimbursement of actual and necessary disbursements incurred and recorded by KLG in the amount of $63,193.13, and (c) authority to receive the outstanding fees and expense reimbursement payments in the amount of $628,212.40; and (d) such other and further relief as is just and proper.

Respectfully submitted,

Dated:  September 14, 2017

/s/ *David A. Mawhinney*
David A. Mawhinney
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175