**EXHIBIT C**

17-10751-mew    Doc 1363-3    Filed 09/14/17    Entered 09/14/17 10:43:57    Exhibit C
Pg 2 of 5

17-10751-mew    Doc 746    Filed 06/20/17    Entered 06/20/17 14:30:03    Main Document
Pg 1 of 4                                  Docket #0746  Date Filed: 06/20/2017

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                                        :    Chapter 11
                                                             :
WESTINGHOUSE ELECTRIC COMPANY                                :    Case No. 17-10751 (MEW)
LLC, *et al.*,                                               :
                                                             :
                                                             :
            Debtors.[1]                                      :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x

## ORDER PURSUANT TO
## 11 U.S.C. §§ 327(e) and 328(a), FED. R. BANKR. P. 2014(a)
## AND 2016, AND LOCAL RULE 2014-1 AUTHORIZING
## THE EMPLOYMENT AND RETENTION OF K&L GATES LLP AS SPECIAL
## COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**"),[2] dated June 7, 2017, of Westinghouse Electric Company LLC and certain debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") for an order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Westinghouse Electric Company LLC (0933), CE Nuclear Power International, Inc. (8833), Fauske and Associates LLC (8538), Field Services, LLC (2550), Nuclear Technology Solutions LLC (1921), PaR Nuclear Holding Co., Inc. (7944), PaR Nuclear, Inc. (6586), PCI Energy Services LLC (9100), Shaw Global Services, LLC (0436), Shaw Nuclear Services, Inc. (6250), Stone & Webster Asia Inc. (1348), Stone & Webster Construction Inc. (1673), Stone & Webster International Inc. (1586), Stone & Webster Services LLC (5448), Toshiba Nuclear Energy Holdings (UK) Limited (N/A), TSB Nuclear Energy Services Inc. (2348), WEC Carolina Energy Solutions, Inc. (8735), WEC Carolina Energy Solutions, LLC (2002), WEC Engineering Services Inc. (6759), WEC Equipment & Machining Solutions, LLC (3135), WEC Specialty LLC (N/A), WEC Welding and Machining, LLC (8771), WECTEC Contractors Inc. (4168), WECTEC Global Project Services Inc. (8572), WECTEC LLC (6222), WECTEC Staffing Services LLC (4135), Westinghouse Energy Systems LLC (0328), Westinghouse Industry Products International Company LLC (3909), Westinghouse International Technology LLC (N/A), and Westinghouse Technology Licensing Company LLC (5961). The Debtors' principal offices are located at 1000 Westinghouse Drive, Cranberry Township, Pennsylvania 16066.

[2] Capitalized terms not otherwise herein defined shall have the same meanings ascribed to such terms in the Application.



1710751170620000000000008

authorizing the employment of K&L Gates LLP ("**KLG**") as special counsel to the Debtors, effective *nunc pro tunc* to the Petition Date, as more fully set forth in the Application; and upon the declaration of Richard W. Hosking, a partner of KLG, annexed to the Application as **Exhibit B** (the "**Hosking Declaration**"), and the declaration of Lisa J. Donahue, Chief Transition and Development Officer for the Debtors, annexed to the Application as **Exhibit C** (the "**Donahue Declaration**"); and the Court being satisfied, based on the representations made in the Application and the Hosking Declaration, that KLG represents or holds no interests adverse to the Debtors or the Debtors' estates with respect to the KLG Existing Matters; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Application need be provided; and the Court having found and determined that the relief sought in the Application and granted herein is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 327(e)

and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, to employ and retain KLG as special counsel, on the terms set forth in the Application and the Hosking Declaration, *nunc pro tunc* to the Petition Date; provided, however, that to the extent the stated terms are inconsistent with the provisions of the Bankruptcy Code or any applicable rule or guideline, the provisions of the Bankruptcy Code and/or the applicable rules and/or guidelines shall govern.

3. KLG shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, and the applicable Bankruptcy Rules, the Local Rules, and any further order of the Court.

4. Nothing contained in the Application or this Order, nor any payment made pursuant to any interim order or this Order, shall be dispositive with respect to any allocation of responsibility between and among Debtors and non-Debtors for such payment, and all rights with respect thereto are expressly reserved by the Official Committee of Unsecured Creditors.

5. KLG shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

6. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

7. KLG shall file with the Court a notice of any increase in KLG's hourly rates as set forth in the Hosking Declaration. Any party in interest shall have ten (10) days to object to such notice.

8. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

9. Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall have exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: June 20, 2017
New York, New York

                                        <u>s/Michael E. Wiles</u>
                                        UNITED STATES BANKRUPTCY JUDGE