# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| **Westinghouse Electric Company LLC,** *et al.*, | Case No. 1:17-bk-10751 (MEW) |
| Debtors. | (Jointly Administered) |

## [PROPOSED] CONFIDENTIALITY ORDER

WHEREAS the Statutory Unsecured Claimholders' Committee of Westinghouse Electric Company LLC, *et al.*(the "UCC"), is authorized to take discovery from Toshiba Corporation ("Toshiba"; collectively with the UCC, the "Parties") in the above-captioned Chapter 11 cases (the "Bankruptcy Cases") pursuant to this Court's order under Federal Rule of Bankruptcy Procedure 2004, entered August 8, 2017 (the "Rule 2004 Order," ECF No. 1106);

WHEREAS, pursuant to the Rule 2004 Order, Toshiba may be obligated to produce documents and other material during discovery in the Bankruptcy Cases;

WHEREAS documents and other material subject to such production will likely include documents constituting, containing, or reflecting trade secrets or nonpublic, proprietary, or business-sensitive information belonging to Toshiba or one or more of its subsidiary or affiliate entities;

WHEREAS the Parties agree and desire that such information should be kept confidential, and believe that the guarantee of such confidentiality is necessary to full compliance with the rules of discovery in these Bankruptcy Cases;

WHEREAS the Parties rely on the terms of the following Order to protect and safeguard their expectations of confidentiality;

WHEREAS Toshiba specifically intends to rely on the terms of this Order to protect and safeguard its expectations of confidentiality in its information from disclosure to state or federal government entities;

WHEREAS any protections afforded certain information pursuant to Article VIII of the UCC bylaws apply to information and materials provided to the UCC by debtors, or their representatives, in these Bankruptcy Cases; and

WHEREAS the Parties both consent to the entry of this Order, by this Order intend to preserve and safeguard the integrity of the discovery process under the Rule 2004 Order, and therefore deem it in the Parties' interest to preserve the confidentiality of nonpublic, proprietary, and otherwise sensitive documents exchanged between the Parties; and good cause appearing therefore;

IT IS HEREBY ORDERED as follows:

**1. Proceedings and Information Governed**

This Order and any amendments or modifications hereto shall govern any Material (as defined below) produced by Toshiba pursuant to the Rule 2004 Order. This Order shall not preclude Toshiba from withholding any Material on the basis of the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, or otherwise affect Toshiba's claim of privilege with respect to any such Material. The inadvertent production of any privileged Material shall not be deemed a waiver of such privilege or otherwise affect Toshiba's right to seek return of the inadvertently produced Material. This Order does not prohibit either Party (as defined herein) from seeking a protective order to govern any further proceedings in these Bankruptcy Cases or any related action.

## 2. Definitions

"Advisors' Eyes Only" Material is CONFIDENTIAL Material (as defined below), disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information includes, but is not limited to: (a) commercially sensitive competitive information, including without limitation information obtained from a Non-Party (as defined below) pursuant to a non-disclosure agreement; (b) commercial agreements containing pricing information or other commercially sensitive information, the disclosure of which is reasonably likely to cause harm to Toshiba's competitive position; (c) trade secrets; or (d) other information, the disclosure of which is reasonably likely to cause harm to Toshiba's competitive position.

"CONFIDENTIAL" Material is Material that constitutes, reflects, or contains proprietary, trade secret, or other business-sensitive information, or other non-public Material that Toshiba believes in good faith would create a risk of harm if disclosed. Toshiba relies on this Order to protect from disclosure all Material that is CONFIDENTIAL, including disclosure to state or federal government entities. Information is not CONFIDENTIAL if it is in the public domain at the time of the disclosure, or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order or by other unlawful means.

"Inadvertent production" shall mean unintentional or accidental production of privileged Material for whatever reason, irrespective of whether (1) such production was careless, reckless, or negligent, or (2) the precautions taken to avoid such inadvertent production were inadequate.

"Material" shall mean any document, thing, or item of information, or any collection thereof, regardless of how it is generated, stored, or maintained. The protections conferred by this Order cover not only Material as defined herein, but also information copied, summarized,

or extracted from Material, and any testimony, conversations, or presentations by Parties or their counsel that might reveal Material.

"Party" shall mean Toshiba or the UCC.

"Subpoena" shall mean a subpoena or any other process, order, or request, including a request for production, civil investigative demand, grand jury subpoena, administrative subpoena, or any other order or formal or informal request to produce documentation issued by any Non-Party, including any state or federal government entities during a pending or future investigation.

3. **Designation of CONFIDENTIAL Material**

(a) To designate Material as CONFIDENTIAL, Toshiba shall affix a legend reading "CONFIDENTIAL" on each page or each thing that it deems CONFIDENTIAL. Alternatively, Toshiba may designate Material as CONFIDENTIAL by advising the UCC as to the particular Material designated CONFIDENTIAL.

(b) Toshiba may further designate Material as Advisors' Eyes Only by affixing a legend reading "Advisors' Eyes Only" near the legend "CONFIDENTIAL" on each page or each thing for which Toshiba considers the additional confidentiality of that designation appropriate and necessary. Toshiba may not designate Material as Advisors' Eyes Only unless that Party also designates that Material as CONFIDENTIAL.

(c) Toshiba may designate information disclosed at a deposition as CONFIDENTIAL or Advisors' Eyes Only by requesting that the reporter so designate all or part of the deposition transcript either at the time of the deposition or within 21 days after receipt of the transcript. Where only a portion of a transcript contains CONFIDENTIAL or Advisors' Eyes Only information, only those portions that contain such information may be so designated.

(d) If Toshiba designates information presented in a deposition as CONFIDENTIAL, it may exclude from the room any person who is not authorized to receive CONFIDENTIAL Material under section 6(b) of this Order.

(e) Toshiba shall use reasonable care to avoid designating as CONFIDENTIAL any Material that is not entitled to such protection under Fed. R. Civ. P. 26(c) or that is generally available to the public.

(f) Nothing herein shall restrict a Party's use of its own Material that it produces in discovery or Material that is or becomes a matter of public knowledge other than through a violation of this Order or by other unlawful means.

**4. Inadvertent Failure to Designate**

In the event that Toshiba fails to designate Material as CONFIDENTIAL, it may correct the error by notifying the UCC of the error in writing and making the appropriate designation. The UCC shall then treat that Material in accordance with the designation and shall take reasonable steps to ensure that any person to whom the UCC has previously disclosed that Material treats that Material in accordance with the designation as well.

**5. Challenge to CONFIDENTIAL Designation**

(a) The UCC may challenge Toshiba's designation of Material as CONFIDENTIAL under this Order by issuing to Toshiba's counsel of record a request in writing that Toshiba remove that designation from the specified Material.

(b) If Toshiba denies a written request to change its designation of Material as CONFIDENTIAL, the UCC may move the Court, consistent with the Court's rules for resolving discovery disputes, for an order removing or changing that designation in the manner stated in the request, at which point Toshiba bears the burden of proving to the Court that the Material is

CONFIDENTIAL. The UCC shall not make use of or disclose any Material designated CONFIDENTIAL that is subject to such a challenge unless and until the Parties agree or the Court orders that the CONFIDENTIAL designation be changed.

**6. Effect of CONFIDENTIAL Designation**

(a) All Material that is designated or deemed CONFIDENTIAL may be used by persons to whom such Material is disclosed solely for the purpose of proceedings in these Bankruptcy Cases. CONFIDENTIAL Material shall be used for no other purpose unless that purpose is agreed to by the Parties or authorized by order of the Court.

(b) Material that is designated or deemed CONFIDENTIAL may be disclosed by the UCC or any of its members only to the following persons:

(i) Officers of and up to two (2) in-house counsel for each of the members of the UCC;

(ii) Officers of and up to two (2) in-house counsel for each of Oglethorpe Power Corporation, Municipal Electric Authority of Georgia, and the City of Dalton, Georgia (collectively, the "Co-Owners"), and outside counsel of record for each Co-Owner in these Bankruptcy Cases (or, if a Co-Owner has no outside counsel of record in these Bankruptcy Cases, one (1) outside counsel for that Co-Owner), provided that each such person has executed an undertaking to be bound by the provisions of this Order (the form of which appears in Exhibit A);

(iii) Outside counsel of record, advisors of record, and similar professionals of record for the UCC or any of its members in these Bankruptcy Cases and such counsel's employees;

(iv) Court reporters and stenographers engaged to transcribe depositions or proceedings in these Bankruptcy Cases;

(v) The Court and its employees;

(vi) Experts, consultants, advisors, and similar professionals retained by the UCC or any of its members for assistance in these Bankruptcy Cases (collectively, "Advisors"), provided that such Advisor has executed an undertaking to be bound by the provisions of this Order (the form of which appears in Exhibit A); and

(vii) Any Non-Party witness, or any person reasonably anticipated to be a witness, at a deposition or other proceeding in these Bankruptcy Cases to whom disclosure is reasonably necessary, provided that such witness has executed an undertaking to be bound by the provisions of this Order (the form of which appears in Exhibit A).

(c) Even after final disposition of these Bankruptcy Cases, the confidentiality obligations of this Order shall remain in effect until Toshiba agrees otherwise in writing or a court order otherwise directs.

(d) As to Material that is designated Advisors' Eyes Only, subsections (b)(i), (b)(ii), and (b)(vii) of this section do not apply. Material that is designated Advisors' Eyes Only may be disclosed to outside counsel of record for each of the UCC, its members and the Co-Owners (or, if a Co-Owner has no outside counsel of record in these Bankruptcy Cases, to one (1) outside counsel for that Co-Owner), provided that counsel executes an undertaking to be bound by the provisions of this Order (the form of which appears in Exhibit A).

**7. CONFIDENTIAL Material Filed With the Court**

(a) Any designation as CONFIDENTIAL of any Material filed with the Court shall be made when such Material is filed, lodged, or served. A Party filing CONFIDENTIAL Material with the Court shall file that Material under seal.

(b) Toshiba may designate information disclosed at a hearing as CONFIDENTIAL by requesting, at the time that information is proffered or adduced, that the Court receive the information *in camera* and designate the transcript appropriately.

(c) In the event that a Party's briefs, memoranda, discovery requests, or other papers filed with the Court contain Material designated by Toshiba as CONFIDENTIAL Material, the filing Party shall similarly so designate such Material and treat the Material accordingly.

8. **Unauthorized Disclosure of CONFIDENTIAL Material**

In the event that the UCC or any recipient of Material designated by Toshiba as CONFIDENTIAL learns that it has disclosed CONFIDENTIAL Material, inadvertently or otherwise, to a person not authorized as a recipient of that Material under this Order, the UCC or the recipient, as the case may be, shall, upon learning of that disclosure, do the following:

(i) Promptly notify the person to whom the disclosure was made that the disclosure contained CONFIDENTIAL Material subject to this Order;

(ii) Promptly make reasonable efforts to obtain the return of the CONFIDENTIAL Material, and preclude its dissemination, from the person to whom the disclosure was made; and

(iii) Within 5 business days, serve Toshiba with a written notice stating the identity of the person to whom the disclosure was made, the nature and circumstances of the disclosure, and the steps taken to obtain the return of the Material and ensure against its further dissemination or use.

9. **Subpoenas**

In the event any Party or person who has received disclosure of Material pursuant to Section 6(b) of this Order, having possession, custody, or control of any Material deemed or designated CONFIDENTIAL under this Order, receives a Subpoena to produce such CONFIDENTIAL Material (or that would result in the production of that Material), the Subpoenaed person shall, within 5 business days, do the following:

(i) Give notification in writing of the issuance of that Subpoena to Toshiba's attorneys of record;

(ii) Furnish those attorneys of record with a copy of that Subpoena;

(iii) Provide reasonable cooperation to Toshiba with respect to any procedure instituted by Toshiba to protect the confidentiality of the Material at issue, including seeking all reasonable extensions to afford Toshiba an opportunity to obtain appropriate judicial relief; and

(iv) Refrain from compliance with the Subpoena insofar as it would result in production of CONFIDENTIAL Material unless and until (1) Toshiba provides its consent to compliance with the Subpoena, (2) an order of the

court having jurisdiction over the Subpoena compels compliance with the Subpoena or (3) in the event that Toshiba does not, within ten (10) business days after receiving notification under Section 9(i), move to quash, modify or nullify the Subpoena or, in the case of a non-self-executing Subpoena, contact the agency issuing the non-self-executing Subpoena (in writing, with a copy to the Subpoenaed person concurrently) to advise of the existence of this Order and the parties' obligations to maintain the confidentiality of the documents, to prevent disclosure of the CONFIDENTIAL Material, such party, on advice of counsel, determines it otherwise is required by law. For the avoidance of doubt, in no event shall the Subpoenaed person have any obligation to seek judicial relief regarding the Subpoena.

10. **<u>Modification</u>**

Toshiba, relying on the provisions of this Order to protect the CONFIDENTIAL Material it furnishes to the UCC, and intending by the designation of documents as CONFIDENTIAL to secure the integrity of the discovery process conducted by the UCC, intends by this Order to prohibit modification of the Order's provisions by any third party, including any state or federal government entity, without the mutual agreement of the Parties to such modification. The UCC also intends by this Order to prohibit modification of the Order's provisions by any Non-Party without the mutual agreement of the Parties to such modification.

11. **<u>No Waiver</u>**

Neither the taking of nor the failure to take any action to enforce the provisions of this Order nor the exercise of or failure to exercise any rights created by this Order shall constitute a waiver of any right to seek or obtain protection or relief as specified herein, or provided by law, or to pursue any claim or defense in these Bankruptcy Cases or any other action. This Order shall not affect the rights of the Parties to object to discovery on any grounds other than those related to the disclosure of CONFIDENTIAL information, nor shall it relieve a Party of its obligation to respond properly to discovery requests.

12. **<u>Disposition of Material at Termination of Bankruptcy Cases</u>**

(a) At the conclusion of these Bankruptcy Cases, including all possible appeals, the UCC shall certify that it, its members, and its Advisors have, at the election of Toshiba, either returned or destroyed all CONFIDENTIAL Material produced in these Bankruptcy Cases.

(b) Sealed records which have been filed with the Court shall be removed by the Party submitting them within 90 days after the conclusion of these Bankruptcy Cases, including all possible appeals.

### 13. Violation of Order

In the event of an intentional violation of this Order, the violating Party may be subject to sanctions as determined in the discretion of the Court.

**SO ORDERED.**

DATED: _____

_____
MICHAEL E. WILES
United States Bankruptcy Court Judge
Southern District of New York

**EXHIBIT A:**
**FORM OF UNDERTAKING**

I, _____, declare under penalty of perjury under the laws of the United States that I am fully familiar with the terms of the Confidentiality Order dated _____, 2017, in the matter *In re Westinghouse Electric Co. LLC*, Case No. 17-10751 (MEW), pending in the United States Bankruptcy Court for the Southern District of New York. I hereby agree to comply with and be bound by the terms and conditions of that Order, unless and until modified by order of that court. I hereby consent to the jurisdiction of that court for purposes of enforcing this Undertaking.

Signed: _____

Name: _____

Dated: _____