**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x

In re                                                            :    Chapter 11
                                                                  :
**WESTINGHOUSE ELECTRIC**                    :    Case No. 17-10751 (MEW)
**COMPANY LLC,** *et al.*,                            :
                                                                  :    (Jointly Administered)
            Debtors.                                          :
                                                                  :

------------------------------------------------------- x

**DECISION REGARDING PROPOSED CONFIDENTIALITY ORDER GOVERNING
DOCUMENTS AND OTHER MATERIAL PROVIDED BY TOSHIBA CORPORATION
TO THE STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE**

On August 8, 2017, this Court entered a consent Order, in a form and substance agreed to by Toshiba Corporation ("**Toshiba**"), the Statutory Unsecured Claimholders' Committee (the "**UCC**") and other parties, that authorized the UCC to issue deposition and document subpoenas to Toshiba and its affiliates, present and former directors, officers, employees and professionals pursuant to Rule 2004.  Pursuant to that consent Order Toshiba agreed that its attorneys would accept the service of subpoenas on behalf of Toshiba, but without agreeing that witnesses who reside outside the United States would appear for testimony in the United States.

By a further consent motion [ECF # 1532], Toshiba and the UCC now seek the entry of a Confidentiality Order that will govern documents and information that Toshiba produces to the UCC during the course of the agreed-upon Rule 2004 discovery.  The proposed Confidentiality Order contains certain familiar provisions regarding the treatment of information designated as "Confidential" or as "Advisors' Eyes Only," along with procedures that allow the UCC to challenge such designations.  It also contains a familiar agreement that Confidential Material may only be used "for the purpose of proceedings in these Bankruptcy Cases," and a statement that Toshiba shall use "reasonable care to avoid designating as CONFIDENTIAL any Material that is not entitled to such protection under Fed. R. Civ. P. 26(c) or that is generally available to

the public." *Id*. ¶¶ 6(a). A more unusual provision appears in paragraph 10 of the proposed Order, however, which states as follows:

> Toshiba, relying on the provisions of this Order to protect the CONFIDENTIAL Material it furnishes to the UCC, and intending by the designation of documents as CONFIDENTIAL to secure the integrity of the discovery process conducted by the UCC, intends by this Order to prohibit modification of the Order's provisions by any third party, including any state or federal governmental entity, without the mutual agreement of the Parties to such modification. The UCC also intends by this Order to prohibit modification of the Order's provisions by any Non-Party without the mutual agreement of the Parties to such modification.

*See* Proposed Order, ¶ 10. The recitals further state that "Toshiba specifically intends to rely on the terms of this Order to protect and safeguard its expectations of confidentiality in its information from disclosure to state or federal government entities." *Id*. at p. 2.

It is unclear whether the foregoing are merely to be considered as statements of the parties' own desires or whether, by entry of the Order, the parties intend the Court to adopt those statements as binding restrictions on the future rights of third parties (including governmental entities) to seek access to materials designated as "Confidential." If the parties intend the latter, then the Order would alter the rights of such third parties. Ordinarily, third parties who seek discovery materials would have the right to seek to intervene in a case and to seek the modification of a confidentiality order if they felt the circumstances warranted the modification. Foreclosing such a right would affect not only a party's potential rights to have access to the materials, but also the ability to challenge the propriety of the "Confidential" designations made by Toshiba, which only the UCC may challenge under the terms of the proposed Order.

The motion seeking entry of the Confidentiality Order was served on all persons who have entered notices of appearance in these cases. However, there is no indication of whether there are any particular governmental entities whose rights the parties seek to affect, and no

clarity as to whether the affected governmental entities are even aware of the limitations in paragraph 10 of the proposed Order.

At a hearing on October 18, 2017, the Court asked for further clarification as to what the parties intend. The parties informed the Court on October 18 that they did not intend to modify the standards that would apply in the event a governmental entity were to seek access to materials provided by Toshiba to the UCC, and that they were not asking the Court to "pre-judge" the question of whether a governmental entity would have access to such materials. However, the parties have made clear that they do intend that any request for modification of the Confidentiality Order to obtain materials for use in other proceedings be subject to the ordinary standard applied in this Circuit, which is that a party seeking such a modification must show "extraordinary circumstance or special need." *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir. 1979).

It is important that the UCC have access to documents and other information from Toshiba in connection with the tasks the UCC must perform in these cases. Agreements that limit the use of such materials to these bankruptcy cases are ordinary and proper, and Toshiba is entitled to such assurances. However, the Court will not pre-judge possible future requests for access to such materials and will not foreclose parties from making requests to modify the Confidentiality Order in accordance with applicable Second Circuit standards. The proposed Confidentiality Order will be modified to make that clear.

Dated: October 27, 2017
      New York, New York

                                             **s/Michael E. Wiles**
                                             THE HONORABLE MICHAEL E. WILES
                                             UNITED STATES BANKRUPTCY JUDGE