UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                                    :        Chapter 11
                                                         :
**WESTINGHOUSE ELECTRIC COMPANY**         :        Case No. 17-10751 (MEW)
**LLC**, *et al.*,                                       :
                                                         :
                                                         :
          Debtors.[1]                                    :        (Jointly Administered)
                                                         :
------------------------------------------------------------ x

**ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 3007 AND 9019(b) AUTHORIZING THE DEBTORS TO (I) FILE OMNIBUS CLAIMS OBJECTIONS AND (II) ESTABLISH PROCEDURES FOR SETTLING CERTAIN CLAIMS**

Upon the Motion of Westinghouse Electric Company LLC ("**WEC**") and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") for Entry of Order Pursuant To 11 U.S.C. § 105(A) and Fed. R. Bankr. P. 3007 and 9019(B) Authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims (the "**Settlement Procedures**") , dated October 31, 2017 [Docket No. 1668] (the "**Motion**"); and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Westinghouse Electric Company LLC (0933), CE Nuclear Power International, Inc. (8833), Fauske and Associates LLC (8538), Field Services, LLC (2550), Nuclear Technology Solutions LLC (1921), PaR Nuclear Holding Co., Inc. (7944), PaR Nuclear, Inc. (6586), PCI Energy Services LLC (9100), Shaw Global Services, LLC (0436), Shaw Nuclear Services, Inc. (6250), Stone & Webster Asia Inc. (1348), Stone & Webster Construction Inc. (1673), Stone & Webster International Inc. (1586), Stone & Webster Services LLC (5448), Toshiba Nuclear Energy Holdings (UK) Limited (N/A), TSB Nuclear Energy Services Inc. (2348), WEC Carolina Energy Solutions, Inc. (8735), WEC Carolina Energy Solutions, LLC (2002), WEC Engineering Services Inc. (6759), WEC Equipment & Machining Solutions, LLC (3135), WEC Specialty LLC (N/A), WEC Welding and Machining, LLC (8771), WECTEC Contractors Inc. (4168), WECTEC Global Project Services Inc. (8572), WECTEC LLC (6222), WECTEC Staffing Services LLC (4135), Westinghouse Energy Systems LLC (0328), Westinghouse Industry Products International Company LLC (3909), Westinghouse International Technology LLC (N/A), and Westinghouse Technology Licensing Company LLC (5961). The Debtors' principal offices are located at 1000 Westinghouse Drive, Cranberry Township, Pennsylvania 16066.

the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors, and other parties in interest, are hereby authorized, in addition to those grounds set forth in Bankruptcy Rule 3007(d), to file omnibus objections (the "**Omnibus Claims Objections**") seeking reduction, reclassification and/or disallowance of claims (each, a "**Claim**") on one or more of the following grounds (the "**Additional Permitted Grounds**"):

A. the amount claimed contradicts the Debtors' books and records;

B. the unsecured and secured Claims were incorrectly classified;

C. the Claims seek recovery of amounts for which the Debtors are not liable;

D. the Claims do not include sufficient documentation to ascertain the validity of the Claims; or

E. the Claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

(collectively, the "**Permitted Grounds**"); and it is further

ORDERED that the Debtors are authorized to file Omnibus Claims Objections to no more than 100 Claims at a time on the Additional Permitted Grounds; and it is further

ORDERED that, except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e); and it is further;

ORDERED that any order sustaining an Omnibus Claims Objection shall be a final order with respect to each Claim referenced in such Omnibus Claims Objection as if an individual objection had been filed for each Claim; and it is further

2

ORDERED that the Debtors are authorized to settle Claims in accordance with the following Settlement Procedures:

1. The Debtors will be authorized to settle any and all Claims (other than Claims of non-debtor affiliates) asserted against the Debtors without prior approval of the Court or any other party in interest whenever (i) the aggregate amount to be allowed for an individual Claim (the "**Settlement Amount**") is less than or equal to $1 million or (ii) the Settlement Amount is within 10 percent of the noncontingent, liquidated amount listed on the Debtors' schedules of assets and liabilities, so long as the difference in amount does not exceed $1 million (any settlement amount within (i) or (ii) being a "*De Minimis* **Settlement Amount**").  Such settlements will not be required to be filed on the Court docket.

2. If the Settlement Amount for a Claim (i) is not a *De Minimis* Settlement Amount but is less than or equal to $5 million, or (ii) is a Claim for a non-debtor affiliate less than or equal to $5 million, the Debtors will submit the proposed settlement to the Statutory Unsecured Claimholders' Committee (the "**UCC**"), the United States Trustee, the lenders under the DIP Facility Agreement [ECF No. 86], and the agents and letter of credit issuer under the Debtors' DIP Facility Agreement (together, the "**Consulting Parties**").  Within five (5) business days of receiving the proposed settlement, the Consulting Parties may object in writing to the Settlement Amount to the Debtors.  If there is a timely objection made by the Consulting Parties, the Debtors may either (a) renegotiate the settlement and submit a revised notification to the Consulting Parties or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than 10 days' notice.  If there is no timely objection made by the Consulting Parties or if the Debtors receive written approval from the Consulting Parties of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Consulting Parties), then the Debtors may proceed with the settlement.  Such settlements will not be required to be filed on the Court docket.

3. If the Settlement Amount for a Claim is not a *De Minimis* Settlement Amount and is greater than $5 million, the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than 10 days' notice.

4. Under the Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

5. On a quarterly basis, on the 30th day after the start of the quarter, beginning on the quarter that starts on January 1, 2018, the Debtors will file with the Court and serve,

3

      pursuant to the Debtors' Case Management Order,[2] a report of all settlements of Claims into which the Debtors have entered during the previous quarter pursuant to the Settlement Procedures, but will not report settlements if they are the subject of a separate motion pursuant to Bankruptcy Rule 9019. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, and the amounts for which such Claims have been settled. The Debtors will not file copies of such settlements with the Court.

6. On a monthly basis, beginning on January 1, 2018, the Debtors will provide the Consulting Parties with a separate report of all settlements of a *De Minimis* Settlement Amount entered into in the preceding calendar month.

and it is further

      ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to settle the Claims in accordance with the Settlement Procedures; and it is further

      ORDERED that nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular Claim, and all settlements of Claims may be negotiated and compromised by the Debtors within their sole discretion; and it is further

      ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claim asserted in these cases; and it is further

      ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek entry of an order modifying or supplementing the relief granted herein; and it is further

      ORDERED that notwithstanding anything to the contrary contained herein, the Debtors shall not settle any claim in contravention to the Final DIP Order[3]; and it is further

---

[2] *See* Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 101].

[3] Final Order (I) Authorizing Debtors to Obtain Senior Secured, Superpriority, Postpetition Financing, (II) Granting Liens and Superpriority Claims Pursuant to Bankruptcy Code Sections 105, 362, 363, 364 And 507, Bankruptcy Rules 2002, 4001, 6004, and 9014 and Local Rule 4001-2 and (III) Granting Related Relief dated May 26, 2017 [ECF No. 565] (the "**Final DIP Order**").

4

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: November 15, 2017
      New York, New York

<u>**s/Michael E. Wiles**</u>
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE