UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                                       :    Chapter 11
                                                             :
WESTINGHOUSE ELECTRIC COMPANY                                :    Case No. 17-10751 (MEW)
LLC, *et al.*,                                               :
                                                             :
                                                             :
         Debtors.[1]                                         :    (Jointly Administered)
                                                             :
------------------------------------------------------------- x

ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 328,
FED. R. BANKR. P. 2014(A) AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR
AUTHORITY TO EMPLOY AND RETAIN DELOITTE CONSULTING LLP FOR
CONSULTING SERVICES *NUNC PRO TUNC* TO NOVEMBER 28, 2017

Upon the application (the "**Application**"),[2] dated March 12, 2018 of Westinghouse Electric Company LLC and certain debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Westinghouse Electric Company LLC (0933), CE Nuclear Power International, Inc. (8833), Fauske and Associates LLC (8538), Field Services, LLC (2550), Nuclear Technology Solutions LLC (1921), PaR Nuclear Holding Co., Inc. (7944), PaR Nuclear, Inc. (6586), PCI Energy Services LLC (9100), Shaw Global Services, LLC (0436), Shaw Nuclear Services, Inc. (6250), Stone & Webster Asia Inc. (1348), Stone & Webster Construction Inc. (1673), Stone & Webster, Inc. d/b/a WECTEC Global Project Services Inc. (8572), Stone & Webster International Inc. (1586), Stone & Webster Services LLC (5448), Toshiba Nuclear Energy Holdings (UK) Limited (N/A), TSB Nuclear Energy Services Inc. (2348), WEC Carolina Energy Solutions, Inc. (8735), WEC Carolina Energy Solutions, LLC (2002), WEC Engineering Services Inc. (6759), WEC Equipment & Machining Solutions, LLC (3135), WEC Specialty LLC (N/A), WEC Welding and Machining, LLC (8771), WECTEC Contractors Inc. (4168), WECTEC LLC (6222), WECTEC Staffing Services LLC (4135), Westinghouse Energy Systems LLC (0328), Westinghouse Industry Products International Company LLC (3909), Westinghouse International Technology LLC (N/A), and Westinghouse Technology Licensing Company LLC (5961). The Debtors' principal offices are located at 1000 Westinghouse Drive, Cranberry Township, Pennsylvania 16066.

[2] Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Application.

for the Southern District of New York (the "**Local Rules**") for authority to employ and retain Deloitte Consulting LLP ("**Deloitte Consulting**") to provide certain consulting services in connection with assessing the manufacturing compliance, export compliance, and procure to payment areas of the Debtors' businesses, *nunc pro tunc* to November 28, 2017, as more fully set forth in the Application and the Declaration of Louis Librandi (the "**Librandi Declaration**") in support thereof, and the Court being satisfied, based on the representations made in the Application and in the Librandi Declaration, that Deloitte Consulting is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) of the Bankruptcy Code and referenced by section 328 of the Bankruptcy Code, neither represents nor holds an interest adverse to the Debtors or their estates; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Application need be provided; and the Court having found and determined that the relief sought in the Application and granted herein is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

        **IT IS HEREBY ORDERED THAT:**

        1.      The Application is granted to the extent set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, to retain and employ Deloitte Consulting to provide certain consulting services in connection with assessing the manufacturing compliance, export compliance, and procure to payment areas of the Debtors' businesses in accordance with the terms and conditions of the agreements (the "Work Orders"), annexed to the Application as **Exhibits B and C**, including without limitation, the compensation terms and the Indemnification Provisions set forth in the Master Service Agreement (the "**MSA**") annexed to the Application as **Exhibit D**, *nunc pro tunc* to November 28, 2017, and to pay fees and reimburse expenses to Deloitte Consulting on the terms set forth in the Work Orders, subject to the further limits set forth in the Application and in this Order.

3. Except as set forth herein, the services to be provided by Deloitte Consulting as set forth in the Work Orders (under the terms of the MSA) are approved.

4. Deloitte Consulting shall file interim and final fee applications for allowance of compensation for services rendered and reimbursement of expenses incurred (including, without limitation, the reasonable fees, and other charges of Deloitte Consulting's counsel, which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise) in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable law and any applicable orders of this Court.

5. All applications for allowance of compensation and reimbursement of expenses by Deloitte Consulting shall be subject to the reasonableness standard of review set forth in section 330 of the Bankruptcy Code.

6. Deloitte Consulting shall include in its fee applications, among other things, time records setting forth, in summary format, a description of the services rendered by each professional, and the time expended on each date by each such individual in rendering services on behalf of the Debtors in one-half hour increments.

7. To the extent any DTT Member Firm provides services as a subcontractor to Deloitte Consulting in connection with Deloitte Consulting's engagement with the Debtors, such DTT Member Firm shall file and serve to the Notice Parties a declaration of disinterestedness. The Notice Parties shall have 10 days after the date of such filing to object to the DTT Member Firm's retention as a subcontractor in these cases, and shall file and serve any such objection upon the Notice Parties and Deloitte Consulting on or before such date. If any such objection cannot be resolved within 10 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or on a date otherwise agreeable to the parties.

8. The Indemnification Provisions set forth in the MSA with respect to the Work Orders are approved subject to the following modifications with respect to services performed thereunder after November 28, 2017 and prior to the effective date of any plan of reorganization of the Debtors:

    (1) All requests for payment of indemnity, contribution, or otherwise pursuant to the Indemnification Provisions shall be made by means of a final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Indemnification Provisions, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and other orders of this Court and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall an indemnified party be indemnified or receive contribution to the extent that any claim arose or expense has resulted for any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted

       from the breach of contract, gross negligence, willful misconduct, or fraud of any indemnified parties;

(2)  In no event shall any indemnified parties be indemnified or receive contribution or other payment under the Indemnification Provisions if the Debtors or a representative of the Debtors' estates asserts a claim for, and a court determines by a final order that such claims primarily arose out of, such person's breach of contract, gross negligence, willful misconduct, or fraud of any Indemnified Parties;

(3)  In the event an indemnified party seeks reimbursement of attorneys' fees from the Debtors pursuant to the indemnification provisions, the invoices and supporting time records from such attorneys shall be attached to Deloitte Consulting's own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee guidelines and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code;

(4)  Any provision of the Work Orders or MSA that purports to limit the amount of liability of Deloitte Consulting, or that purports to limit the types of damages that may be awarded in an action against Deloitte Consulting shall be of no effect and shall be deemed to have been deleted;

(5)  Any provision of the Work Orders or MSA relating to expense policies and reimbursements shall be subject to the applicable Guidelines set forth in the Local Rules and General Orders of this Court.

9.  The MSA, with respect to the Work Orders, is modified with respect to all services performed thereunder for the Debtors after November 28, 2017 and through the effective date of any plan of reorganization.

(1)  The first sentence of Paragraph 16 of the MSA shall be deemed deleted and replaced with the following:

Nothing contained in this Agreement shall alter in any way the duties imposed by law on Consultant in respect of the Services provided under the Agreement. It is understood and

      agreed that each of Consultant and Client is an independent contractor and that neither of them is, nor shall be considered to be, the other's agent, distributor, partner, joint venturer, co-owner or representative.

   (2) If Deloitte Consulting must respond to subpoenas or other legal process seeking documents or information it shall do so at its own expense, except to the extent such discovery is sought in connection with third party actions for which indemnification is provided.

10. To the extent there may be any inconsistency between the terms of the Application, the Work Orders, the MSA, and this Order, this Order shall govern.

11. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

12. Nothing contained in this Order, nor any payment made pursuant to this Order, shall be dispositive with respect to any future allocation of responsibility between and among Debtors and non-Debtors for such payment, and all rights with respect thereto are expressly reserved by the Committee.

13. The Debtors are authorized to take all action necessary to carry out this Order.

14. Notwithstanding anything in the Application or the Work Orders or MSA to the contrary, during the pendency of the Chapter 11 Cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to Deloitte Consulting's engagement. Any provision of the MSA that provides for mediation or arbitration or for jurisdiction in a

different court shall not be applicable unless this Court lacks jurisdiction pursuant to the previous sentence.

Dated: March 27, 2018
      New York, New York

                                      **s/Michael E. Wiles**
                                      UNITED STATES BANKRUPTCY JUDGE