Deloitte Transactions and Business Analytics LLP
191 Peachtree Street, Suite 2000
Atlanta, GA  30303-1749
Telephone:  404.631.3455
Facsimile:  404.443.9555
Keith Adams

*Valuation and Discovery Services Provider*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- |
In re:                                                           |
                                                                 | Chapter 11
WESTINGHOUSE ELECTRIC COMPANY                                    |
LLC, *et al.*,[1]                                                | Case No. 17-10751 (MEW)
                    Debtors.                                     |
                                                                 | (Jointly Administered)
---------------------------------------------------------------- |

# THIRD INTERIM FEE APPLICATION OF DELOITTE TRANSACTIONS AND BUSINESS ANALYTICS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS VALUATION AND DISCOVERY SERVICES PROVIDER TO THE DEBTORS FOR THE PERIOD FROM DECEMBER 1, 2017 THROUGH MARCH 31, 2018

| | |
|---|---|
| Name of Applicant: | Deloitte Transactions and Business Analytics LLP |
| Authorized to Provide Services as: | Valuation and Discovery Services Provider |
| Date of Retention: | *Nunc Pro Tunc* to March 29, 2017 |
| Period for which Compensation and Reimbursement is Sought: | December 1, 2017 through March 31, 2018 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $19,547.96 |
| Amount of Expense Reimbursement Sought: | $0.00 |
| Total Amount of Fees and Expense Reimbursement Sought as Actual, Reasonable and Necessary (100%): | **$19,547.96** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are:   Westinghouse Electric Company LLC (0933), CE Nuclear Power International, Inc. (8833), Fauske and Associates LLC (8538), Field Services, LLC (2550), Nuclear Technology Solutions LLC (1921), PaR Nuclear Holding Co., Inc. (7944), PaR Nuclear, Inc. (6586), PCI Energy Services LLC (9100), Shaw Global Services, LLC (0436), Shaw Nuclear Services, Inc. (6250), Stone & Webster Asia Inc. (1348), Stone & Webster Construction Inc. (1673), Stone & Webster, Inc. d/b/a WECTEC Global Project Services Inc. (8572); Stone & Webster International Inc. (1586), Stone & Webster Services LLC (5448), Toshiba Nuclear Energy Holdings (UK) Limited (N/A), TSB Nuclear Energy Services Inc. (2348), WEC Carolina Energy Solutions, Inc. (8735), WEC Carolina Energy Solutions, LLC (2002), WEC Engineering Services Inc. (6759), WEC Equipment & Machining Solutions, LLC (3135), WEC Specialty LLC (N/A), WEC Welding and Machining, LLC (8771), WECTEC Contractors Inc. (4168), WECTEC LLC (6222), WECTEC Staffing Services LLC (4135), Westinghouse Energy Systems LLC (0328), Westinghouse Industry Products International Company LLC (3909), Westinghouse International Technology LLC (N/A), and Westinghouse Technology Licensing Company LLC (5961).  The Debtors' principal offices are located at 1000 Westinghouse Drive, Cranberry Township, Pennsylvania 16066.

This is (a)n: ___ monthly __X__ interim ___ final application

**PRIOR MONTHLY FEE STATEMENTS FILED**

| Date Filed Docket No. | Period Covered | Amounts Requested | | Amounts Approved/ Pending Approval | | Holdback Amounts |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses (100%) | Fees (20%) |
| 1/29/2018 #2315 | 12/1/17 – 12/31/17 | $5,299.94 | $0.00 | $4,239.95 | $0.00 | $1,059.99 |
| 3/12/2018 #2801 | 1/01/18 – 1/31/18 | $4,908.14 | $0.00 | $3,926.51 | $0.00 | $981.63 |
| 4/10/2018 #3056 | 2/01/18 – 2/29/18 | $4,669.94 | $0.00 | $3,735.95 | $0.00 | $933.99 |
| 5/08/2018 #3180 | 3/01/18 – 3/31/18 | $4,669.94 | $0.00 | $3,735.95 | $0.00 | $933.99 |
| **Totals** | | **$19,547.96** | **$0.00** | **$15,638.36** | **$0.00** | **$3,909.60** |

**CUMULATIVE TIME SUMMARY**
For the Period of December 1, 2017 through March 31, 2018

| Name | Position | Total Hours | Hourly Rate | Total Fees |
|---|---|---|---|---|
| Abrom, Carisa | Sr. Consultant | 4.90 | $350 | $868.20 |
| **Total Fees** | | **4.90** | | **$868.20** |

**Average Hourly Billing Rate: $350.00**

2

**CUMULATIVE FEES BY CATEGORY SUMMARY**[2]
For the Period of December 1, 2017 through March 31, 2018

Valuation Services

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Preparation of Fee Applications | 4.90 | $868.20 |
| **Total Fees** | **4.90** | **$868.20** |

Discovery Services

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| User Fees | | $9,860.00 |
| Hosting Fees | | $8,819.76 |
| **Total Fees** | | **$18,679.76** |

---

[2] Pursuant to the *Application of Debtors Pursuant to 11 U. S. C. §§ 327(a) and 328 and Fed. R. Bankr. P 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 for Authority to Employ and Retain Deloitte Transactions and Business Analytics LLP as Valuation and Discovery Services Provider Nunc Pro Tunc to the Petition Date* (the "DTBA Retention Application"), DTBA provides certain e-discovery services to the Debtors that may be billed according to different metrics than hourly rates, as set forth in Appendix B to the Engagement Letter (as such term is defined in the DTBA Retention Application).

3

Deloitte Transactions and Business Analytics LLP
191 Peachtree Street, Suite 2000
Atlanta, GA  30303-1749
Telephone:  404.631.3455
Facsimile:  404.443.9555
Keith Adams

*Valuation and Discovery Services Provider*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| WESTINGHOUSE ELECTRIC COMPANY LLC, *et al.*,[1] | |
| | Case No. 17-10751 (MEW) |
| Debtors. | |
| | (Jointly Administered) |

**THIRD INTERIM FEE APPLICATION OF DELOITTE TRANSACTIONS AND BUSINESS ANALYTICS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS VALUATION AND DISCOVERY SERVICES PROVIDER TO THE DEBTORS FOR THE PERIOD FROM DECEMBER 1, 2017 THROUGH MARCH 31, 2018**

Deloitte Transactions and Business Analytics LLP ("DTBA" or the "Applicant"), valuation and discovery services provider to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in these chapter 11 cases, hereby seeks allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for the period commencing December 1, 2017 through and including March 31, 2018 (the "Application Period"). In support of this fee application (the "Application"), DTBA respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Westinghouse Electric Company LLC (0933), CE Nuclear Power International, Inc. (8833), Fauske and Associates LLC (8538), Field Services, LLC (2550), Nuclear Technology Solutions LLC (1921), PaR Nuclear Holding Co., Inc. (7944), PaR Nuclear, Inc. (6586), PCI Energy Services LLC (9100), Shaw Global Services, LLC (0436), Shaw Nuclear Services, Inc. (6250), Stone & Webster Asia Inc. (1348), Stone & Webster Construction Inc. (1673), Stone & Webster, Inc. d/b/a WECTEC Global Project Services Inc. (8572); Stone & Webster International Inc. (1586), Stone & Webster Services LLC (5448), Toshiba Nuclear Energy Holdings (UK) Limited (N/A), TSB Nuclear Energy Services Inc. (2348), WEC Carolina Energy Solutions, Inc. (8735), WEC Carolina Energy Solutions, LLC (2002), WEC Engineering Services Inc. (6759), WEC Equipment & Machining Solutions, LLC (3135), WEC Specialty LLC (N/A), WEC Welding and Machining, LLC (8771), WECTEC Contractors Inc. (4168), WECTEC LLC (6222), WECTEC Staffing Services LLC (4135), Westinghouse Energy Systems LLC (0328), Westinghouse Industry Products International Company LLC (3909), Westinghouse International Technology LLC (N/A), and Westinghouse Technology Licensing Company LLC (5961). The Debtors' principal offices are located at 1000 Westinghouse Drive, Cranberry Township, Pennsylvania 16066.

## JURISDICTION

1. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATUTORY BASIS

2. The statutory predicates for the relief requested herein are: (i) sections 330 and 331 of the Bankruptcy Code; (ii) rule 2016 of the Bankruptcy Rules; (iii) rule 2016-1 of the Local Rules; and (iv) the Compensation Order (as defined below). This Application has been prepared in accordance with General Order M-447, *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, effective as of February 5, 2013 (the "Local Guidelines"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, effective January 30, 1996 (the "UST Guidelines" and, together with the Local Guidelines, the "Guidelines"). Pursuant to the Guidelines, a certification regarding compliance with the Guidelines is attached hereto as Exhibit B.

## BACKGROUND

**A. General Background**

3. On March 29, 2017 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

4. The Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

### B. Interim Compensation and the Retention of DTBA

5.  On May 24, 2017, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 330, 331, Fed. R. Bankr. P. 2016, and Local Rule 2016-1 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 544] (the "Compensation Order").  Pursuant to the terms of the Compensation Order, retained professionals are authorized, among other things, to submit interim fee applications to the Debtors, attorneys for the Debtors, attorneys for the DIP Lenders, attorneys for the statutory committee of creditors, and the United States Trustee (collectively, the "Notice Parties").

6.  On August 11, 2017, the Debtors filed the *Application of Debtors Pursuant to 11 U.S.C. §§ 327(a) and 328, Fed. R. Bankr. P. 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 for Authority to Employ and Retain Deloitte Transactions and Business Analytics LLP as Valuation and Discovery Services Provider to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 1128] (the "Retention Application").

7.  On September 5, 2017, the Court approved the Retention Application and DTBA's retention as valuation and discovery services provider to the Debtors *nunc pro tunc* to the Petition Date [Docket No. 1300] (the "Retention Order").

### PRIOR FEE STATEMENTS FILED DURING THE APPLICATION PERIOD

8.  On January 29, 2018, DTBA filed its seventh monthly fee statement for interim allowance and payment of compensation in the amount of $5,299.94 for the period from December 1, 2017 through December 31, 2017 [Docket No. 2315] (the "Seventh Monthly Statement Period") pursuant to the Compensation Order, requesting payment for 80% of fees for the Seventh Monthly Statement Period.

9.  On March 12, 2018, DTBA filed its eighth monthly fee statement for interim allowance and payment of compensation in the amount of $4,908.14 for the period from January 1, 2018 through January 31, 2018 [Docket No. 2801] (the "Eighth Monthly Statement Period") pursuant to the Compensation Order, requesting payment for 80% of fees for the Eighth Monthly Statement Period.

10. On April 10, 2018, DTBA filed its ninth monthly fee statement for interim allowance and payment of compensation in the amount of $4,699.94 for the period from February 1, 2018 through February 29, 2018 [Docket No. 3056] (the "Ninth Monthly Statement Period") pursuant to the Compensation Order, requesting payment for 80% of fees for the Ninth Monthly Statement Period.

11. On May 8, 2018, DTBA filed its tenth monthly fee statement for interim allowance and payment of compensation in the amount of $4,699.94 for the period from March 1, 2018 through March 31, 2018 [Docket No. 3180] (the "Tenth Monthly Statement Period") pursuant to the Compensation Order, requesting payment for 80% of fees for the Tenth Monthly Statement Period.

**RELIEF REQUESTED**

12. By this Application and pursuant to the terms and conditions set forth in the Engagement Agreements (as defined in the Retention Application), DTBA requests compensation of 100% of its total fees in the amount of $19,547.96 incurred during the Application Period. DTBA did not incur any reimbursable expenses during the Application Period. DTBA submits this Application in accordance with the Compensation Order and the Retention Order. All services for which DTBA requests compensation were performed for, or on behalf of, the Debtors.

**BASIS FOR RELIEF**

13. This Application is the third interim fee application submitted by DTBA in these cases. By this Application, DTBA requests the approval of fees in the amount of $19,547.96 incurred during the Application Period. The Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Debtors. These records are maintained in the ordinary course of the Applicant's business. A detailed statement of hours spent rendering professional services to the Debtors, in support of DTBA's request of compensation for fees incurred during the Application Period, is attached hereto as Exhibit A.

4

Exhibit A (i) identifies the professionals and paraprofessionals that rendered services in each project category; and (ii) describes each service such professional or paraprofessional performed.

14. DTBA did not incur any reimbursable expenses during the Application Period.

15. The monthly fee statements submitted by the Applicant for the Seventh Monthly Statement Period, Eighth Monthly Statement Period, Ninth Monthly Statement Period, and the Tenth Monthly Statement Period are subject to a 20% holdback provided for in the Compensation Order. The aggregate amount of the Applicant's holdback during the Application Period is $3,909.60. DTBA respectfully requests, in connection with the relief requested herein, that the Court allow payment of this holdback amount on an interim basis pursuant to sections 330 and 331 of the Bankruptcy Code and authorize the Debtors to satisfy such amounts.

16. No agreement or understanding exists between DTBA and any nonaffiliated or unrelated person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these cases.

## DESCRIPTION OF SERVICES RENDERED

17. DTBA served or advised the Debtors in the following areas throughout the Application Period. Detailed descriptions of these services, the amount of fees incurred, and the amount of hours spent providing services throughout the Application Period are also provided in the attached Exhibit.

**Valuation Services**

**Hosting Fees of $18,679.76**

- DTBA provided e-discovery services to the Debtors that are billed according to different metrics than hourly rates.

**Preparation of Fee Applications**

**Hours 4.90; Amount $868.20**

- During the Application Period, DTBA prepared its monthly fee statement for the Seventh Monthly Statement Period. Applicant also prepared its second interim fee application.

## ALLOWANCE OF COMPENSATION

5

18. Because of the benefits realized by the Debtors, the nature of services provided, the amount of work done, the time consumed and the skill required, DTBA requests that it be allowed, on an interim basis, compensation for the professional services rendered during the Application Period in the sum of $19,547.96.

19. During the Application Period, allowance of compensation in the amount requested would result in a blended hourly billing rate for DTBA professionals of approximately $350.00. The fees charged by DTBA in these cases are billed in accordance with its existing billing structure and procedures in effect during the Application Period.

20. DTBA respectfully submits that the professional services rendered by DTBA on behalf of the Debtors during the Application Period were reasonable, necessary and appropriate to the administration of these chapter 11 cases and related matters.

### DTBA'S REQUESTED FEES SHOULD BE ALLOWED BY THIS COURT

21. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 sets forth the criteria for the award of compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

6

11 U.S.C. § 330(a)(3).

22. In the instant case, DTBA respectfully submits that the services for which it seeks compensation in this Application Period were necessary for and beneficial to the Debtors and were performed economically, effectively, and efficiently. DTBA further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors and all parties-in-interest. Further, in accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (i) the complexity of these cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under the Bankruptcy Code. Accordingly, the approval of the compensation and expense reimbursement sought herein is warranted.

## CERTIFICATE OF COMPLIANCE AND WAIVER

23. Finally, as set forth in Exhibit B attached hereto, the undersigned representative of DTBA certifies that DTBA has reviewed the requirements of rule 2016-1 of the Local Rules and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-1, DTBA believes that such deviations are not material and respectfully requests that any such requirement be waived.

[*Remainder of this page intentionally left blank*]

WHEREFORE, DTBA respectfully requests that the Court enter an order: (i) granting the allowance, on an interim basis, of compensation for professional services rendered by the Applicant to the Debtors during the Application Period in the amount of $19,547.96, which represents 100% of the total compensation for professional services rendered by Applicant during the Application Period; (ii) authorizing and directing the Debtors to pay the Applicant all of the 20% of compensation held back in connection with the Applicant's monthly fee statements filed in the Application Period; and (iii) granting such other relief as may be just and proper.

Dated: March 31, 2018
Atlanta, GA

Respectfully submitted,

DELOITTE TRANSACTIONS AND
BUSINESS ANALYTICS LLP

/s/ Keith Adams
Keith Adams
Principal
191 Peachtree Street, Suite 2000
Atlanta, GA  30303-1749
Telephone:  404.631.3455
Facsimile:  404.443.9555

# EXHIBIT A

# Westinghouse Electric Company LLC

## Deloitte Transactions and Business Analytics LLP

## Fees Sorted by Category for the Fee Period

### December 01, 2017 - March 31, 2018

| Date | Description | Rate | Hours | Fees |
|---|---|---|---|---|
| *Preparation of Fee Applications* | | | | |
| 12/01/2017 | | | | |
| Abrom, Carisa | Prepare November monthly fee statement. | $350.00 | 1.8 | $630.00 |
| 01/16/2018 | | | | |
| Abrom, Carisa | Prepare December monthly fee statement. | $76.84 | 0.7 | $53.79 |
| Abrom, Carisa | Prepare November monthly fee statement. | $76.84 | 0.8 | $61.47 |
| 01/22/2018 | | | | |
| Abrom, Carisa | Prepare second interim fee application. | $76.84 | 1.6 | $122.94 |
| Subtotal for Preparation of Fee Applications: | | | 4.9 | $868.20 |
| **Total** | | | **4.9** | **$868.20** |

## Recapitulation

| Name | Rate | Hours | Fees |
|---|---|---|---|
| Abrom, Carisa | $350.00 | 1.8 | $630.00 |
| Abrom, Carisa | $76.84 | 3.1 | $238.20 |

1

# EXHIBIT B

Deloitte Transactions and Business Analytics LLP
191 Peachtree Street, Suite 2000
Atlanta, GA  30303-1749
Telephone:  404.631.3455
Facsimile:  404.443.9555
Keith Adams

*Valuation and Discovery Services Provider*

---------------------------------------------------------------- |
In re: |
 | Chapter 11
WESTINGHOUSE ELECTRIC COMPANY |
LLC, *et al.*,[1] | Case No. 17-10751 (MEW)
                                         Debtors. |
 | (Jointly Administered)
---------------------------------------------------------------- |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF THIRD INTERIM FEE APPLICATION OF DELOITTE TRANSACTIONS AND BUSINESS ANALYTICS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS VALUATION AND DISCOVERY SERVICES PROVIDER TO THE DEBTORS FOR THE PERIOD DECEMBER 1, 2017 THROUGH MARCH 31, 2018**

Keith Adams, deposes and says:

1. I am a principal of Deloitte Transactions and Business Analytics LLP ("DTBA"), which has an office located at 191 Peachtree Street, Suite 2000, Atlanta, GA 30303. I make this certification in connection with the third interim fee application (the "Application") of DTBA, in the above-captioned debtors' (the "Debtors") chapter 11 cases.

2. I submit this certification with respect to DTBA's compliance with and pursuant to the Court's General Order M-447, the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York adopted by the Court on*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are:  Westinghouse Electric Company LLC (0933), CE Nuclear Power International, Inc. (8833), Fauske and Associates LLC (8538), Field Services, LLC (2550), Nuclear Technology Solutions LLC (1921), PaR Nuclear Holding Co., Inc. (7944), PaR Nuclear, Inc. (6586), PCI Energy Services LLC (9100), Shaw Global Services, LLC (0436), Shaw Nuclear Services, Inc. (6250), Stone & Webster Asia Inc. (1348), Stone & Webster Construction Inc. (1673), Stone & Webster International Inc. (1586), Stone & Webster Services LLC (5448), Toshiba Nuclear Energy Holdings (UK) Limited (N/A), TSB Nuclear Energy Services Inc. (2348), WEC Carolina Energy Solutions, Inc. (8735), WEC Carolina Energy Solutions, LLC (2002), WEC Engineering Services Inc. (6759), WEC Equipment & Machining Solutions, LLC (3135), WEC Specialty LLC (N/A), WEC Welding and Machining, LLC (8771), WECTEC Contractors Inc. (4168), Stone & Webster, Inc. d/b/a WECTEC Global Project Services Inc. (8572), WECTEC LLC (6222), WECTEC Staffing Services LLC (4135), Westinghouse Energy Systems LLC (0328), Westinghouse Industry Products International Company LLC (3909), Westinghouse International Technology LLC (N/A), and Westinghouse Technology Licensing Company LLC (5961).  The Debtors' principal offices are located at 1000 Westinghouse Drive, Cranberry Township, Pennsylvania 16066.

*November 25, 2009* (the "Local Guidelines"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, effective January 30, 1996* (the "UST Guidelines") (collectively, and with the *Order to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered in these cases on May 24, 2017* (the "Compensation Order") the "Guidelines").

        3.      In compliance with the Guidelines, I hereby certify that:

        a.      I have read the Application and am familiar with the services for which compensation is being sought that are described therein;

        b.      To the best of my knowledge, information and belief, the fees and disbursement sought in the Application are in substantial compliance with the Guidelines.

        c.      The fees and disbursements sought in the Application are billed at rates or in accordance with practice customarily employed by DTBA for similar services and generally accepted by DTBA's clients.

        d.      To the extent applicable, DTBA has not made a profit with respect to the expenses requested in the Application.

        e.      No agreement or understanding exists between DTBA and any other non-affiliated or unrelated person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these cases.

        f.      DTBA has not entered into any agreement with the office of the United States Trustee, the Debtors, any creditor or any other party in interest, for the purpose of fixing the amount of any of the fees or other compensation allowed out of or paid from the assets of the Debtors.

        g.      Copies of the Application were provided to the appropriate parties on or about the date set for the filing of applications by the Compensation Order.

        /s/ Keith Adams
        Keith Adams
        Principal

Dated: March 31, 2018

2