**D&G** | DAVIS & GILBERT LLP
ATTORNEYS AT LAW

1740 Broadway       T: 212.468.4800      www.dglaw.com
New York, NY 10019  F: 212.468.4888

July 19, 2018

**By Email**
Hon. Michael E. Wiles
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY  10004-1408

      Re:    *In re Westinghouse Electric Co. LLC, et al.*, Case No. 17-10751,
              Objection of Landstar to Notices of Partial Transfer of Claim Other than for
              Security for Claim Numbers 848, 853, and 1543 (ECF Doc. No. 2857)

Dear Judge Wiles:

      On behalf of Landstar, we submit this letter pursuant to the Court's request at the conclusion of yesterday's hearing that the parties provide legal authority on the issue of whether Mr. Belardo (Seaport's representative and agent for Whitebox) made a counteroffer to Ms. Bowers (Landstar's representative), in his email to Ms. Bowers, sent on January 24, at 11:42 a.m.

      In that email, Mr. Belardo was responding to Ms. Bowers's offer to sell Landstar's Westinghouse claims "at 78%" – with no other economic terms – "subject to agreement of terms and execution of documentation by both Buyer and Landstar." Ex. DX8, at 3. Mr. Belardo did not accept that offer. Instead, he added new terms and informed Ms. Bowers that Seaport's acceptance would be "subject to," among other things, "Landstar providing recourse as to the notional amount of the claim, any repayment under such provision shall include 5% interest." *Id.* at 2. As testified by Whitebox's own witnesses (including its purported expert), this is a necessary term for any buyer of bankruptcy claims, and no reasonable buyer would proceed without it (or something comparable). Indeed, conceding the importance of this term – and apparently recognizing that this was a counteroffer – Mr. Belardo continued in his email by asking Ms. Bowers to "*[p]lease respond to this email in the affirmative confirming [her] acceptance of the term], after which I will provide a Trade Confirmation for your review*." *Id.* (emphasis added). Ms. Bowers never accepted the counteroffer.

      Based on the caselaw (in both New York's federal and appellate state courts) and legal treatises set forth below, Mr. Belardo's email constitutes a counteroffer.

**I.**    **Federal Court Decisions**

- "A communication that purports to accept an offer cannot be subject to additional or different terms. Such a communication is no acceptance at all, but is an absolute rejection of the offer and a proposed counter-offer." *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01 Civ. 3796 (PKL), 2005 U.S. Dist. LEXIS 2832, at *33, 37-38 (S.D.N.Y. Feb. 24, 2005).

**DAVIS & GILBERT LLP**

The Honorable Michael E. Wiles
July 19, 2018
Page 2

- Responding to an offer by purporting to accept it, but deleting a provision regarding partial payments, was not an effective acceptance. *Deval Denizcilik Ve Ticaret A.S. v. Schenker Italiana*, No. 09 Civ. 0367 (DC), 2009 U.S. Dist. LEXIS 120947, at *4-6 (S.D.N.Y. Dec. 23, 2009).

- "Since the April 11, 1996, letter did not agree to all of the terms of the offer extended to the Province by WPEM, it constitutes a rejection of that offer and a counteroffer[,]" and "[f]urther support for this conclusion is found in the fact that the parties continued discussions and negotiations after April 11, 1996, about the fees, commissions, expenses, interest rate, and disbursement percentage." *Wasserstein Perella Emerging Mkts. Fin., L.P. v. Province of Formosa*, No. 97 Civ. 793 (BSJ), 2002 U.S. Dist. LEXIS 12012, at *40, 41 (S.D.N.Y. July 1, 2002).

- Responding to a "one sentence offer" with a fax "containing an elaborate two page, single-spaced typewritten contract" operated as a counteroffer extinguishing the initial offer. *Greystone P'ships Grp., Inc. v. Koninklijke Luchtvaaart Maatschappij N.N.*, 815 F. Supp. 745, 753 (S.D.N.Y. 1993).

II. **New York State Appellate Court Decisions**

- "To enter into a contract, a party must clearly and unequivocally accept the offeror's terms. If instead the offeree responds by conditioning acceptance on new or modified terms, that response constitutes both a rejection and a counteroffer which extinguishes the initial offer. The counteroffer extinguishes the original offer, and thereafter the offeree cannot . . . unilaterally revive the offer by accepting it." *Thor Props., LLC v. Willspring Holdings LLC*, 118 A.D.3d 505, 507-08 (1st Dep't 2014) (citations omitted).

- "[S]ince the defendant's acceptance of the purchase agreement was conditioned upon the plaintiff's agreement to the terms set forth in the first rider, it constituted a counteroffer. . . . Accordingly, a contract was not formed." *Woodward v. Tan Holding Corp.*, 32 A.D.3d 467, 469 (2d Dep't 2006).

- "It is a fundamental principle of contract law that a valid acceptance must comply with the terms of the offer and, if qualified with conditions it is equivalent to a rejection and counteroffer." *Robison v. Sweeney*, 301 A.D.2d 815, 818 (3d Dep't 2003) (internal quotation marks and citations omitted).

- Purporting to accept only "some of the terms of an outstanding offer amounted to nothing more than a rejection and counteroffer." *Beneficial Homeowner Serv. Corp. v. Wolcott*, 252 A.D.2d 628, 630 (3d Dep't 1998) (internal quotation marks and citations omitted).

**DAVIS & GILBERT LLP**

The Honorable Michael E. Wiles
July 19, 2018
Page 3

- Responding "by inserting four modifications to the purchase offer . . . constituted a counteroffer that required plaintiffs' acceptance to form a binding contract." *Tencza v. Hyland*, 171 A.D.2d 1057, 1057 (4th Dep't 1991).

- Where the response to the "initial offer merely expressed interest and listed three conditions[,] [t]o the extent that this letter constituted a counteroffer, plaintiff's reply was not an absolute and unqualified assent. Thus, no binding contract was formed." *Roer v. Cross Cnty. Med. Ctr. Corp.*, 83 A.D.2d 861, 862 (2d Dep't 1981).

- "[I]t is a fundamental tenet of contract law that a counteroffer constitutes a rejection of an offer as a matter of law. Rejection by counteroffer extinguishes the offer and renders any subsequent acceptance thereof inoperative." *Jericho Grp., Ltd. v. Midtown Dev., L.P.*, 32 A.D.3d 294, 299 (1st Dep't 2006) (internal citations omitted).

### III. Legal Treatises

- "An expression that purports to be an acceptance, but is so expressed as to be operative as an acceptance only on a condition that is not specified in the offer, is not an acceptance at all. It may be described as a 'conditional acceptance,' but this does not mean that it is operative as an acceptance or even that it will become so operative if the condition afterwards occurs. It is operative only as a counter-offer, and unless the original offeror expresses unconditional assent to it, there will be no contract." 1 Corbin on Contracts § 3.28 (2018).

- "A counter-offer is an offer made by an offeree to his offeror relating to the same matter as the original offer and proposing a substituted bargain differing from that proposed by the original offer." Restatement (Second) of Contracts § 39 (1981).

- "An offeree's power of acceptance is terminated by his making of a counter-offer, unless the offeror has manifested a contrary intention or unless the counter-offer manifests a contrary intention of the offeree." *Id.*

- "A reply to an offer which purports to accept it but is conditional on the offeror's assent to terms additional to or different from those offered is not an acceptance but is a counter-offer." *Id.* § 59.

- "An acceptance must not change the terms of an offer; if it does, the offer is rejected." 17A Am. Jur. 2d Contracts § 64.

- "A counteroffer constitutes a rejection of an offer; rejection by counteroffer extinguishes the offer and renders any subsequent acceptance thereof inoperative; the offeree cannot thereafter unilaterally revive the offer by accepting it." 22 N.Y. Jur. Contracts § 40.

DAVIS & GILBERT LLP

The Honorable Michael E. Wiles
July 19, 2018
Page 4

\*   \*   \*   \*   \*

      Because Mr. Belardo made a counteroffer to Ms. Bowers, which she never accepted, Landstar and Whitebox never agreed on any terms (including price). For this reason, and for those argued by Landstar at the hearing, the parties did not enter into a Type II contract.

Respectfully submitted,

/s/ *H. Seiji Newman*

H. Seiji Newman

cc:     Counsel for Whitebox (via email)