UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Westinghouse Electric Company LLC, et al          Case No. 17-10751

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE. Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Bradford Capital Holdings, LP** <br> Name of Transferee | **American Ceramic Technology Inc.** <br> Name of Transferor |
|---|---|
| Name and address where transferee payments should be sent: <br><br> c/o Bradford Capital Management, LLC <br> PO Box 4353 <br> Clifton, NJ 07012 <br> Attn: Brian Brager <br> Email: bbrager@bradfordcapitalmgmt.com <br> Phone: 862-249-1349 | Proof of Claim #: 1260 <br> Proof of Claim Amount: $22,124.00 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**Bradford Capital Holdings, LP**
**By: Bradford Capital GP, LLC, its General Partner**

By: /s/ Brian Brager                                  Date: 07/03/2019
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

# EVIDENCE OF TRANSFER OF CLAIM

TO:      United States Bankruptcy Court
            Southern District of New York
            Attention: Clerk

AND TO:    Westinghouse Electric Company LLC ("Debtor")
               Case No. 17-10751

Proof of Claim # 1260
Schedule #:

American Ceramic Technology Inc., its successors and assigns ("Assignor"), for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto:

Bradford Capital Holdings, LP
Attention: Brian L. Brager
PO Box 4353
Clifton, NJ 07012

its successors and assigns ("Assignee"), all rights, title and interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. bankruptcy Code), in and to the claim of Assignor, including all rights of stoppage in transit, replevin and reclamation, (the "Claim") against the Debtor in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedures, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges, understands and agrees, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim and recognizing the Assignee as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Assignee.

IN WITNESS WHEREOF, each of the undersigned has executed this Evidence of Transfer by its duly authorized representative dated this ___3rd___ day of __July__ 20_19_.

American Ceramic Technology Inc.

By: _RV Culbertson_
Name: RICHARD CULBERTSON
Title: PRESIDENT

Bradford Capital Holdings, LP
By: Bradford Capital GP, LLC, its General Partner

By: _____
Name: Brian Brager
Title: Managing Member